**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genevieve Tritschler, et al.,<br><br>   Plaintiff,<br><br>v.<br><br>ICE,<br><br>   Defendant. | No. CV-21-01825-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Complaint. (Doc. 1.) For reasons set forth below, the Court will dismiss the Complaint with leave to amend.

**I.   BACKGROUND**

Plaintiffs' Complaint alleges that "ICE destroyed" their property: specifically, their back door and window. (*Id.* at 6–11.) Although Plaintiffs never explain who they mean by ICE, the Court takes them to mean the U.S. Immigration and Customs Enforcement because there is an administrative tort claim response letter from that agency attached to Plaintiffs' Complaint.[1] Plaintiffs also filed an Application for Leave to Proceed In Forma Pauperis. (Doc. 2.)

Plaintiffs filed their Complaint against ICE using a pro se civil case form. (*See* Doc. 1.) Where the form designates the basis for jurisdiction, Plaintiffs checked the federal question box but left blank the diversity of citizenship box. (*Id.* at 3.) However, in the

---

[1] If Plaintiffs choose to file an amended complaint, they should list the complete name and address of the federal agency they are attempting to sue.

federal question jurisdiction section, Plaintiffs neglected to "[l]ist the specific federal statues, federal treaties, and/or provisions of the Unites State Constitution that are at issues in this case." (*Id.*)  Instead, Plaintiffs simply wrote "[p]rotection of our home." (*Id.*) Additionally, under the section for pleading diversity jurisdiction, Plaintiffs filled out the citizenship details for themselves but did not do so for ICE. (*Id.* at 3–4.)  Plaintiffs also neglected to list the amount in controversy or explain why they believed it exceeds $75,000. (*Id.* at 4.)  In other words, Plaintiffs have not properly pled either federal question or diversity jurisdiction, as explained below.

## II. LEGAL STANDARD

In pro se filings, the Court must review the complaint to determine whether the action:

    (i)     is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)   seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous or fails to state a claim if there is no subject matter jurisdiction. "[L]ack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see* Fed. R. Civ. P. 12(h)(3).  Issues with jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial issue is one where "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In determining whether a facial jurisdictional issue exists, the court "accept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor" and then "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

When a plaintiff does not meet the burden of showing that the court has subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also*

*United States v. Cotton*, 535 U.S. 625, 630 (2002) ("Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived."). However, unless it is "'absolutely clear' that [a plaintiff] could not cure [a complaint's] deficiencies by amendment," the court will give a plaintiff opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction

Plaintiffs have not properly pled subject-matter jurisdiction—either diversity or federal question. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject-matter jurisdiction (1) over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and (2) over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Because our jurisdiction is limited, it is presumed that a cause lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377.

Plaintiffs indicated that they were pleading federal question jurisdiction by checking that box on their complaint form, but they never provided the federal statute or constitutional provision on which their case rests. Thus, they have not met their burden of establishing federal question jurisdiction. Similarly, Plaintiffs left the diversity judication portion of the form incomplete. They filled out their citizenship section but left the Defendant's blank, and they never listed the amount in controversy. The only claim for financial relief that the Court can glean is in the attached documents, which contain a form seeking $1,285.87 for damages allegedly incurred by a federal officer—far short of the more than $75,000 requirement for diversity jurisdiction.

Therefore, Plaintiffs have not properly pled diversity or federal question jurisdiction and have left the Court without clarity as to what form of subject-matter jurisdiction they

are attempting to plead. Consequently, dismissal is required. Fed. R. Civ. P. 12(h)(3).

### B. Leave to Amend

Although there are defects in Plaintiffs' Complaint, "it is not 'absolutely clear' that [they] could not cure [their complaint's] deficiencies by amendment," *Barnes*, 749 F.3d at 767; therefore, the Court will give Plaintiffs the opportunity to do so. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs' amended complaint must address the deficiencies identified above and should follow the form detailed in Local Rule of Civil Procedure 7.1.

Within thirty (30) days from the date of entry of this Order, Plaintiffs may submit an amended complaint. They must clearly designate on the face of their amended complaint that it is the "First Amended Complaint." If they decide to file an amended complaint, they are reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 925–28 (9th Cir. 2012), and it must be complete in itself and "not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiffs' Complaint, (Doc. 1), with leave to amend.

**IT IS FURTHER ORDERED** directing Plaintiffs to file an amended complaint with this Court within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case if Plaintiffs do not file an amended complaint within 30 days of this order.

Dated this 2nd day of November, 2021.

Honorable Susan M. Brnovich
United States District Judge